UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERALD J. WOMACK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:08-CV-020 PS |
| ) | |
| KOSCIUSKO CIRCUIT COURT, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Jerald J. Womack, a *pro se* prisoner, filed this habeas corpus petition challenging his March 8, 2007, possession of marijuana conviction and enhanced sentence following a jury trial in the Kosciusko County Circuit Court in cause number 43 C 01-0607-FD-174. Mr. Womack indicates that his direct appeal stemming from these proceedings is currently pending in the Indiana Court of Appeals. (DE 1, p.2 at §9(a)-(c)).

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted). Consequently, it is clear that Mr. Womack has not presented any of the issues in the petition "at each and every level in the state court system." Because Womack has not exhausted these

claims, his habeas petition must be dismissed.

"[A] district court [is required] to consider whether a stay is appropriate under circumstances . . . where the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Because Mr. Womack timely filed his appeal, 28 U.S.C.§ 2244(d)(1)(A)'s limitation period to file his habeas petition never began. After Mr. Womack's state court proceedings completely end, the "clock" will start with the full 1-year period remaining for him to file a habeas petition. Under the circumstances it is evident that a stay is not necessary or appropriate in this case because dismissal will not effectively foreclose habeas review. Justice does not require that the court stay this case until the petitioner completely exhausts his state court remedies.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4.

Therefore, the court **DISMISSES** this petition **WITHOUT PREJUDICE** because the petitioner's claims have not been exhausted in state court.

**SO ORDERED**.

ENTERED: January 14, 2008.

s/ Philip P. Simon<br>
PHILIP P. SIMON, JUDGE<br>
UNITED STATES DISTRICT COURT